IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VICTORIA WRIGHT,

      Plaintiff,                           No. CIV S-05-2530 MCE EFB

      vs.

DAVID RUNNELS, et al.,

      Defendants.                  <u>ORDER AND ORDER TO SHOW CAUSE</u>

_____/

      This case was before the undersigned on May 16, 2007, on defendant Dr. Roche's motion to compel plaintiff's responses to interrogatories. Jeffrey Vincent appeared as counsel for defendants. Plaintiff's counsel failed to appear.

      Defendants seek an order compelling plaintiff's verified responses to three interrogatories. Rule 33(b) of the Federal Rules of Civil Procedure provides that each interrogatory must be answered separately, and signed by the person making them. Fed. R. Civ. P. 33(b)(2). Further, all "[a]nswers must be responsive, full, complete, and unevasive." *Pilling v. General Motors Corp.*, 45 F.R.D. 366, 369 (D. Utah 1968).

////

////

////

1

Here, plaintiff failed to provide timely, complete and verified responses to defendants' interrogatories, nos. 5-7, relating to plaintiff's calculation of damages.[1] Having reviewed the motion and joint statement provided by the parties, the court hereby grants defendants' motion to compel and orders plaintiff to provide full, complete, and verified responses to interrogatories nos. 5-7 within ten (10) days of the date of service of this order.

Pursuant to Fed. R. Civ. P. 37(a)(4), the court may require the non-moving party to pay the moving party's reasonable expenses incurred in making the motion, including attorney's fees. Here, although defendants are entitled to an award of costs and fees, defendants' counsel represented at the hearing that defendants have declined to request such award. Accordingly, the court declines to order plaintiff to pay such costs at the present time.

However, given the failure of plaintiff's counsel to appear at the hearing, the court hereby orders plaintiff's counsel to show cause, within ten (10) days of the date of service of this order, why sanctions should not be imposed for his failure to appear at the hearing.

SO ORDERED.

DATED: May 21, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] In response to defendants' interrogatory no. 5, which seeks information regarding "the economic damages that [plaintiff] claim[s] in this lawsuit," plaintiff responded, "[d]ecedent usually took home between $150,00 to $400,000 per year while operating his business. The amount depended on his needs. He could have taken home considerably more (several million) if he needed to do so." In response to interrogatory no. 6 (" If your answer to interrogatory no. 5 is not zero, describe how you calculate the amount of those damages"), plaintiff replied, "[p]laintiff will have deposit slips and pay stubs; testimony of Jay Wright's Controller and Personal Secretary, Fleur Mann." Plaintiff provided no response to interrogatory no. 7, which sought a description of "all documents that support [plaintiff's] claim for damages." These responses were not verified until April 21, 2007, four months after they were served.

2